**Reversed and Rendered, and Opinion Filed July 28, 2021**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00646-CV

### CITY OF DALLAS, Appellant
### V.
### REGGIE RUFFIN, Appellee

### On Appeal from the 95th District Court
### Dallas County, Texas
### Trial Court Cause No. DC-19-11133

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Goldstein
Opinion by Justice Partida-Kipness

The underlying proceeding arose from the July 4, 2019, towing, impounding, and subsequent sale by the City of Dallas of two vehicles owned by appellee Reggie Ruffin. In this interlocutory appeal, the City appeals the trial court's denial of its plea to the jurisdiction. We reverse the trial court's order and render judgment dismissing all claims against the City for lack of jurisdiction.

## BACKGROUND

In 2019, Ruffin owned two vehicles: a 1988 Mercury Cougar and a 2005 Suzuki Forenza. On May 30, 2019, Dallas Police Department Officer Kashonda Copeland saw both vehicles parked on Exeter Avenue in Dallas. She tagged both

vehicles with a notice sticker, which stated "**WARNING This vehicle may be impounded if it is not removed within 24 hours**." Officer Copeland did not have the vehicles towed and closed that incident report, however, because when she returned after twenty-four hours, she found the vehicles had been moved. Officer Copeland and her partner noted on several occasions during the officers' regular patrol duties in June 2019 that the vehicles were parked at the same location on Exeter Avenue. On July 1, 2019, the City received a report from a citizen that the vehicles had been parked in front of her house for over a month without being moved. Based on that report and her own experience seeing the vehicles parked on Exeter Avenue, Officer Copeland tagged the vehicles with notice stickers on July 3, 2019. After twenty-four hours passed, Officer Copeland returned to Exeter Avenue and saw the vehicles were still parked on the street, directly in front of the same house, and facing the same direction as they had been parked the day before. According to Officer Copeland's affidavit testimony, she had the vehicles towed because they had been left on Exeter Avenue for more than twenty-fours without being moved in violation of Dallas City Code section 28–84.

The City impounded the vehicles and held them until August 12, 2019, when they were sold at auction. Before auctioning the vehicles, the City sent two certified letters to Ruffin informing him of the August 12, 2019 auction date. Ruffin received one of the certified letters on July 12, 2019, but the second certified letter was returned to the City unclaimed. Ruffin did not seek to recover his vehicles, and they

were sold at the August 12, 2019 auction. The City no longer has possession of the vehicles.

Ruffin filed the underlying lawsuit on August 7, 2019, but did not serve the City until August 13, 2019, the day after the City sold the vehicles. In his original petition, Ruffin asserted that his vehicles were not abandoned, and the City committed a "breach" by towing and impounding the vehicles. He sought an injunction to prevent the City from selling the vehicles at the August 12, 2019 auction, and asked for the return of his vehicles and damages. The City filed its original answer, which contained a plea to the jurisdiction, special exceptions, and a general denial, on August 30, 2019. The City specially excepted to Ruffin's failure to allege a waiver of governmental immunity for any of his claims and failure to plead facts supporting a waiver of immunity for any of his claims. The City further specially excepted to Ruffin's inclusion of the Dallas Police Department as a party to the lawsuit. The City set its special exceptions for hearing on October 29, 2019. Ruffin filed his first amended petition on October 24, 2019. That petition, like his first, did not identify a waiver of the City's immunity from suit.

The trial court heard the City's special exceptions on October 29, 2019. The trial court granted the City's first special exception, finding that Ruffin failed to "plead a valid legislative or constitutional waiver of the City's governmental immunity and facts making the waiver applicable under Texas law." The trial court ordered Ruffin to amend his petition within twenty days.

Ruffin filed his second amended petition, the live pleading, on November 25, 2019. In it, Ruffin asserted three causes of action against the City. First, he asserted the City's seizure of his vehicle was unauthorized by law because the vehicles were purportedly not tagged by the City, the Mercury Cougar was not abandoned because it was operable, not left unattended, and not illegally parked, and the Suzuki Forenza was not abandoned, though its registration was lapsed. Ruffin next asserted an inverse condemnation claim. He maintained that the seizure constituted an unconstitutional taking because the seizure was committed "in violation of the city's [sic] own statute and without any statutory authority." Finally, Ruffin asserted a Section 1983 claim, arguing that the seizure violated his right to due process under the Fourteenth Amendment of the United States Constitution. Ruffin prayed for economic damages, punitive damages, and reasonable attorney's fees and costs.

In response to the second amended petition, the City filed an amended plea to the jurisdiction. In it, the City requested that Ruffin's claims be dismissed with prejudice for want of jurisdiction. The trial court heard arguments but received no additional evidence on the City's plea on May 22, 2020. The trial court denied the City's plea on June 10, 2020. This appeal followed.

## STANDARD OF REVIEW

"Governmental immunity generally protects municipalities and other state subdivisions from suit unless the immunity has been waived by the constitution or state law." *Univ. of Tex. M.D. Anderson Cancer Ctr. v. McKenzie*, 578 S.W.3d 506,

–4–

512 (Tex. 2019) (quoting *City of Watauga v. Gordon*, 434 S.W.3d 586, 589 (Tex. 2014)). The purpose of a plea to the jurisdiction "is to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Governmental immunity defeats a trial court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004); *Arnold v. Univ. of Tex. Sw. Med. Ctr. at Dallas*, 279 S.W.3d 464, 467 (Tex. App.—Dallas 2009, no pet.).

The existence of subject-matter jurisdiction is a question of law, and we review the trial court's ruling on a plea to the jurisdiction de novo. *City of Dallas v. Prado*, 373 S.W.3d 848, 852 (Tex. App.—Dallas 2012, no pet.). The plaintiff bears the burden to plead facts affirmatively demonstrating that governmental immunity has been waived and that the court has subject matter jurisdiction. *Id.* (citing *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007)). A governmental entity's plea to the jurisdiction can be based on the pleadings or on evidence. *Miranda*, 133 S.W.3d at 226.

When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Miranda*, 133 S.W.3d at 226–227. We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Id.* If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's

jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend. *Id.* If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id.*

When a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties to determine if a fact issue exists. *Miranda*, 133 S.W.3d at 227. The standard of review for a jurisdictional plea based on evidence "generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c)." *Prado*, 373 S.W.3d at 852 (quoting *Miranda*, 133 S.W.3d at 228). That is, we take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Prado*, 373 S.W.3d at 853. The burden is on the governmental unit as movant to meet the standard of proof. *Id.* If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder. *Id.* at 852–53. However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 853.

## ANALYSIS

In five issues, the City asserts its plea to the jurisdiction should have been granted. Ruffin did not file a brief in this Court. We address each issue raised by the City in turn.

## I.     The Unlawful Seizure Claim

In its first issue, the City contends it is immune from suit on Ruffin's claim that the seizure and auction of his vehicles were unauthorized by law. The City argues its plea to the jurisdiction should have been granted because Ruffin's live pleading did not identify a waiver of the City's immunity for this claim, Ruffin's claim is a conversion claim for which there is no waiver of the City's immunity from suit, and the evidence established that the City complied with the Transportation Code. We conclude the City's plea should have been granted as to the unlawful seizure claim.

First, Ruffin's second amended petition fails to identify a waiver of immunity. Ruffin bore the burden of demonstrating a waiver of the City's immunity by identifying a "statute or . . . express legislative permission" authorizing his claim. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (a party suing a governmental entity must establish the State's consent to suit). When he failed to meet this burden in his original petition, the City filed special exceptions. After Ruffin filed his first amended petition, the trial court granted the City's special exception that Ruffin failed "to plead a valid legislative or constitutional waiver of

the City's governmental immunity and facts making the waiver applicable under Texas law" and ordered Ruffin to replead within twenty days. After being given an opportunity to amend his petition to identify a waiver of the City's immunity, Ruffin's second amended petition failed to identify an immunity waiver under the Transportation Code or other law and should, therefore be dismissed with prejudice. *Harris Cty. v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004) ("If a plaintiff has been provided a reasonable opportunity to amend after a governmental entity files its plea to the jurisdiction, and the plaintiff's amended pleading still does not allege facts that would constitute a waiver of immunity, then the trial court should dismiss the plaintiff's action" and [s]uch a dismissal is with prejudice . . . ."). Moreover, no such statutory authority exists here because the Transportation Code lacks such an immunity waiver. *See* TEX. TRANSP. CODE §§ 683.001–.078.

Further, the pleadings affirmatively negate the trial court's jurisdiction here. Municipal corporations, such as the City, "exercise their broad powers through two different roles; governmental and proprietary." *Wasson Interests, Ltd. v. City of Jacksonville* (*Wasson II*), 559 S.W.3d 142, 146 (Tex. 2018) (quoting *Gates v. City of Dallas*, 704 S.W.3d 737, 738 (Tex. 1986)). Immunity protects municipalities from suit based on the performance of a governmental function unless there is an express statutory waiver of immunity. *Id.*; *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002). In contrast, when a municipality performs a proprietary function, it is subject "to the same duties and liabilities as those incurred

by private persons and corporations." *Wasson II*, 559 S.W.3d at 146. Governmental functions are enjoined on a municipality by law and are given to it by the state, as part of the state's sovereignty, to be exercised in the interest of the general public. *Wasson Interests, Ltd. v. City of Jacksonville* (*Wasson I*), 489 S.W.3d 427, 439 (Tex. 2016) (citing TEX. CIV. PRAC. & REM. CODE § 101.0215(a)). Proprietary functions are functions that a municipality may, in its discretion, perform in the interest of the inhabitants of the municipality. *Wasson I*, 489 S.W.3d at 439 (citing TEX. CIV. PRAC. & REM. CODE § 101.0215(b)).

Section 101.0215(a) of the Texas Civil Practice and Remedies Code contains a non-exclusive list of thirty-six governmental functions. TEX. CIV. PRAC. & REM. CODE § 101.0215(a). If a function is designated as governmental, we have no discretion to determine that the function is proprietary. *City of Houston v. Downstream Envtl., L.L.C.*, 444 S.W.3d 24, 33 (Tex. App.—Houston [1st Dist.] 2014, pet. denied); *Santander Consumer USA, Inc. v. City of San Antonio*, No. 04-20-00341-CV, 2020 WL 7753730, at *9 (Tex. App.—San Antonio Dec. 30, 2020, no pet.) (mem. op.). Although section 101.0215(a) designates functions as governmental for purposes of the Texas Tort Claims Act (TTCA), the list is equally dispositive with respect to claims against a governmental entity for breach of contract. *Wasson I*, 489 S.W.3d at 439 ("the common-law distinction between governmental and proprietary acts—known as the proprietary-governmental

dichotomy—applies in the contract-claims context just as it does in the tort-claims context.").

Here, Ruffin alleges in his live pleading that the City violated the Texas Transportation Code when it impounded and sold vehicles that were not "abandoned" as defined by the transportation code. The pleadings and jurisdictional evidence submitted by Ruffin and the City show that the vehicles in question were towed and impounded by the City based on Officer Copeland's determination that the vehicles were parked in violation of Dallas City Code § 28-84, which provides that:

> A person commits an offense if he leaves standing or parked in a public street, alley, or other public place, an unattended vehicle or other private property for a continuous period of time longer than 24 hours.

DALLAS, TEX., DALLAS CITY CODE § 28-84. Section 28-4 of the Dallas City Code gives police officers the authority "to remove or cause the removal of a vehicle . . . from a street to a place designated by the chief of police" under certain circumstances, including when "(4) the officer has reasonable grounds to believe that the vehicle has been abandoned;" or when "(9) the vehicle is standing, parked, or stopped in violation of any provision of this chapter; . . . " DALLAS, TEX., DALLAS CITY CODE §§ 28-4(a)(4), 28-4(a)(9). The City provided Ruffin with notice that the vehicles had been impounded and they would be sold at auction at a date and time certain.

Among the governmental functions listed in section 101.0215(a) are police protection and control, and regulation of traffic. TEX. CIV. PRAC. & REM. CODE §§ 101.0215(a)(1), 101.0215(a)(21). A city's impounding and auctioning of vehicles by law enforcement are governmental functions. *See Santander*, 2020 WL 7753730, at *9–10 (City's actions of operating an impound lot, impounding vehicles, and selling the vehicles at auction were governmental functions); *City of El Paso v. Gomez-Parra*, 198 S.W.3d 364, 369 (Tex. App.—El Paso 2006, no pet) ("In this case, we find that the activity of auctioning a seized vehicle is so well aligned with the police and fire protection and control function that the legislature has designated it as a governmental function."). Here, Ruffin's unauthorized seizure claim is based on the City's impounding and sale of the vehicles at auction. Those acts were an extension of the City's police and fire protection and control function and regulation of traffic function. As such, the City engaged in activities designated as governmental functions in section 101.0215(a). *See* TEX. CIV. PRAC. & REM. CODE §§ 101.0215(a)(1), 101.0215(a)(21); *see also Gomez-Parra*, 198 S.W.3d at 369. Because Ruffin's pleadings allege a claim against the City based on its performance of functions specifically designated as governmental in section 101.0215(a), the trial court has jurisdiction over his claim only if there is a valid waiver of immunity under the Act. *See Rogers v. City of Houston*, No. 14-19-00196-CV, – S.W.3d –, 2021 WL 2325193, at *13 (Tex. App.—Houston [14th Dist.] June 8, 2021, no pet. h.) ("Rogers has not and does not assert any waiver of governmental immunity for these claims.

Accordingly, the trial court properly dismissed these claims against the City."); *City of Dallas v. Asemota*, No. 05-20-00664-CV, 2021 WL 777089, at *3 (Tex. App.—Dallas Mar. 1, 2021, no pet.) (mem. op.) ("Immunity protects municipalities from suit based on the performance of a governmental function unless there is an express statutory waiver of immunity.").

A municipality has immunity for activities that the legislature has defined as governmental, except to the extent immunity is waived by acts, omissions, and conditions as set out in the TTCA. *Gomez-Parra*, 198 S.W.3d at 367-68; *Smith v. City of Galveston*, No. 14-05-00926-CV, 2007 WL 1152506, at *4 (Tex. App.—Houston [14th Dist.] Apr. 19, 2007, pet. denied) (mem. op.) (for a municipality to be liable for a governmental function, liability must arise out of one of the specific areas of waiver listed under section 101.021 of the TTCA) (citing *City of Kemah v. Vela*, 149 S.W.3d 199, 204. n. 1 (Tex. App.—Houston [14th Dist.] 2004, pet. denied)).

The TTCA waives immunity from suit on all claims for which it waives immunity from liability. TEX. CIV. PRAC. & REM. CODE § 101.025. The TTCA waives immunity from liability in three general areas: "use of publicly owned automobiles, premises defects, and injuries arising out of conditions or use of property." *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 611 (Tex. 2000) (quoting *Lowe v. Tex. Tech Univ.*, 540 S.W.2d 297, 298 (Tex. 1976)); TEX. CIV. PRAC. & REM. CODE § 101.021. The TTCA does not waive immunity for claims based on

–12–

"assault, battery, false imprisonment, or any other intentional tort. . . . " TEX. CIV. PRAC. & REM. CODE § 101.057(2). Further, the TTCA does not waive immunity for the failure to provide, or the method of providing, police or fire protection. TEX. CIV. PRAC. & REM. CODE § 101.055(3).

Ruffin's unauthorized seizure claim does not fall into any of the categories for which governmental immunity is waived and not excepted under the TTCA. Ruffin's pleadings, therefore, affirmatively negate any allegation that the City's immunity for performance of its governmental functions is waived and shows that the trial court lacks subject matter jurisdiction. *See Gomez-Parra*, 198 S.W.3d at 369 (city immune from suit arising from sale of vehicle at auction and plea to the jurisdiction should have been granted); *City of Dallas v. Asemota*, No. 05-20-00664-CV, 2021 WL 777089, at *1–3 (Tex. App.—Dallas Mar. 1, 2021, no pet.) (mem. op.) (factual allegations "affirmatively negate the applicability of the waiver provision" found in government code); *see also McLennan Cty. Water Control & Improvement Dist. #2 v. Geer*, No. 10-17-00399-CV, 2020 WL 4218085, at *4 (Tex. App.—Waco July 22, 2020, no pet.) (mem. op.) (error to deny plea to the jurisdiction as to intentional tort claims of trespass and invasion of privacy). We conclude the trial court erred in denying the City's plea to the jurisdiction as to Ruffin's claim for unauthorized seizure of his vehicles.

A plaintiff is permitted to amend his pleadings to cure insufficiently pled jurisdictional allegations. *Miranda*, 133 S.W.3d at 226–27. However, this right has

–13–

its limits. "If a plaintiff has been provided a reasonable opportunity to amend after a governmental entity files its plea to the jurisdiction, and the plaintiff's amended pleading still does not allege facts that would constitute a waiver of immunity, then the trial court should dismiss the plaintiff's action." *Harris Cty. v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004). Such is the case here.

Ruffin's second amended petition failed to demonstrate a waiver of immunity for his unauthorized seizure claim after the trial court sustained the City's challenge to the jurisdictional allegations supporting that claim and gave Ruffin an opportunity to replead. We conclude Ruffin should not be permitted to again amend his petition to cure this defect because he already had an opportunity to do so. *Sykes*, 136 S.W.3d at 639. Accordingly, we dismiss the unauthorized seizure claim with prejudice. *Id.* ("dismissal is with prejudice" where plaintiff has been provided an opportunity to amend and amended pleading fails to allege facts that would constitute waiver of immunity); *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 378 (Tex. 2006) (no opportunity to replead where live pleading still failed to demonstrate a waiver of immunity following two prior amendments to petition).

II.     **The Takings Claim**

Ruffin's second claim is for inverse condemnation in which he contends the City took his property without just compensation. Governmental immunity does not shield the City from a properly-pled takings claim. *City of Houston v. Carlson*, 451 S.W.3d 828, 830 (Tex. 2014). But if a plaintiff "cannot establish a viable takings

–14–

claim," the government retains immunity, and the court lacks jurisdiction over the dispute. *Tex. Dep't of Transp. v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 166 (Tex. 2013).

To plead a viable inverse condemnation claim, "a plaintiff must allege an intentional government act that resulted in the uncompensated taking of private property." *Carlson*, 451 S.W.3d at 831. A taking "cannot be established by proof of mere negligent conduct by the government." *Harris Cty. Flood Control Dist. v. Kerr*, 499 S.W.3d 793, 799 (Tex. 2016). In the context of an inverse condemnation claim, "the requisite intent is present when a governmental entity knows that a specific act is causing identifiable harm or knows that the harm is substantially certain to result." *Tarrant Reg'l Water Dist. v. Gragg*, 151 S.W.3d 546, 555 (Tex. 2004).

"A taking is the acquisition, damage, or destruction of property via physical or regulatory means." *Carlson*, 451 S.W.3d at 831. The Texas Supreme Court explained in *Carlson*, however, that a taking does not occur merely because a governmental entity takes a citizen's property. *Id.* at 832–33. As the *Carlson* court noted, "nearly every civil-enforcement action results in a property loss of some kind" but "that property is not 'taken for public use' within the meaning of the Constitution." *Id.* The court then held that a party does not allege a taking when the party objects only to "infirmity of the process." *Id.* at 833.

Here, Ruffin merely objects to the "infirmity of the process." Ruffin does not contest the validity or constitutionality of the city ordinances or transportation code

provisions permitting the impoundment and sale of abandoned or unattended vehicles. Rather, he complains about the City's purported misapplication of those ordinances and code provisions as to his vehicles. Such pleadings fail to allege a taking as a matter of law and, as such, the trial court erred by denying the City's plea. *See CPM Trust v. City of Plano*, 461 S.W.3d 661, 673 (Tex. App.—Dallas 2015, no pet.) (appellants did not allege a taking where they "do not contest the sign regulations in the City's zoning ordinance, but rather complain about the City's misapplication of certain regulations as to their property."); *see also Carlson*, 451 S.W.3d at 832–33 (city retained immunity from suit because the plaintiff objected only to "the infirmity of the process" and "it is immaterial that the city may have been mistaken regarding the actual safety of the complex"). Because Ruffin failed to allege a viable takings claim, the City retains immunity from suit. *See Triple BB, LLC v. Vill. of Briarcliff*, 566 S.W.3d 385, 397 (Tex. App.—Austin 2018, pet. denied).

## III. The Section 1983 Due Process Claim

Ruffin's final claim in his second amended petition is titled "Section 1983 Action" under which he generally contends that the City's "actions" deprived him "of the rights and privileges secured to Plaintiff by the Constitution and laws of the United States, including the due process clause of the Fourteenth Amended [sic] of the Constitution of the United States." He goes on to state that "the City, its agents, servants, employees, and other representatives" willfully committed "these actions"

and "[o]thers [sic] said representatives acted negligently in failing to prevent the violation."

This pleading is inadequate to state a valid due process claim against the City for two reasons. First, it does not set out whether Ruffin is alleging a substantive or procedural due process claim and fails to cite a statutory or other basis for waiving the City's immunity from suit. *City of Dallas v. Saucedo-Falls*, 268 S.W.3d 653, 663–64 (Tex. App.—Dallas 2008, pet. denied).

Second, construing the petition broadly as we must, the only "actions" alleged in the petition were taken by police officers, and the City may not be held liable under section 1983 on a respondeat superior theory. *See Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978); *City of Houston v. Aspenwood Apartment Corp.*, No. 01-97-01378-CV, 1999 WL 681939, at *5–6 (Tex. App.—Houston [1st Dist.] Aug. 27, 1999), *opinion supplemented on denial of reh'g*, No. 01-97-01378-CV, 2002 WL 89650 (Tex. App.—Houston [1st Dist.] Jan. 24, 2002, no pet.) (mem. op.). Rather, a city may be held liable only when an injury was inflicted pursuant to governmental policy or custom. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121-22, 128 (1988) (plurality); *Monell*, 436 U.S. at 694. Here, Ruffin has not alleged that any official policy or custom existed that caused him to be deprived of his due process rights.

In his responses to the City's plea, Ruffin alleged that Office Copeland filed a false report and acted maliciously against him and his family. He also implied that

the City was complicit in the alleged cover-up of Officer Copeland's actions by "treating this as an unfortunate towing incident instead of a criminal act, an abuse of a system of poverty, and the city [sic] of Dallas police department belittling, downplaying, covering up, and trying to discredit the truthful facts." His response includes only conclusory and speculative allegations that are insufficient to state a valid claim and establish jurisdiction over the City. *See Stephen F. Austin State Univ. v. Flynn*, 228 S.W.3d 653, 660 (Tex. 2007) (holding that conclusory allegations of gross negligence are insufficient to meet the recreational use statute standard and dismissal on a plea to the jurisdiction is appropriate); *PermiaCare v. L.R.H.*, 600 S.W.3d 431, 444 (Tex. App.—El Paso 2020, no pet.) ("conclusory allegations in a pleading are insufficient to meet a plaintiff's burden of establishing jurisdiction; instead, a plaintiff must allege specific facts that, if true, would affirmatively demonstrate the court's jurisdiction to hear the case.") (citing *State v. Lueck*, 290 S.W.3d 876, 884-885 (Tex. 2009) (recognizing that a plaintiff's pleadings must do more than make bare allegations to survive a plea to the jurisdiction)). As such, the pleadings and evidence presented do not show a valid due process claim that could waive the City's immunity here. We, therefore, conclude the trial court erred by denying the City's plea to the jurisdiction as to the section 1983 claim.

## IV. The Injunction Claim

Finally, the City argues that to the extent Ruffin asks the trial court to order the City to return the vehicles to him, that request is moot because the City sold the vehicles at auction. We agree.

The mootness doctrine dictates that courts avoid rendering advisory opinions by only deciding issues that present a "live" controversy at the time of the decision. *Camarena v. Tex. Emp. Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988). An issue becomes moot when: (1) it appears that one seeks to obtain a judgment on some controversy, when in reality none exists; or (2) when one seeks a judgment on some matter which, when rendered for any reason, cannot have any practical legal effect on a then-existing controversy. *Tex. Health Care Info. Council v. Seton Health Plan, Inc.*, 94 S.W.3d 841, 846–47 (Tex. App.—Austin 2002, pet. denied). Ruffin's request for return of the vehicles to him is no longer a live controversy because it is undisputed the City sold the vehicles at auction and no longer have custody or control of the vehicles. *See, e.g.*, *Young v. Young*, 168 S.W.3d 276, 287 (Tex. App.—Dallas 2005, no pet.) (husband's request for payment within thirty days would have no legal effect because that time period had passed). Here, it is undisputed the City sold the vehicles at auction and no longer has custody or control of the vehicles. As such, no live controversy remains as to Ruffin's request, if any, that the City return the vehicle to him. Allowing the case to proceed to judgment on the injunction would, therefore, have no practical legal effect. *See id.* We conclude this issue is

moot and the trial court should have dismissed any claim for injunctive relief accordingly.

## CONCLUSION

Ruffin's second amended petition identifies no statutory or other legal basis for a waiver of the City's immunity for any of his claims, and the facts alleged affirmatively negated jurisdiction. Further, the facts pleaded do not support a valid takings claims or due process claim. Accordingly, we reverse the trial court's order denying the City's plea to the jurisdiction and render judgment granting the City's plea. Because Ruffin was given the opportunity to amend his pleading after the City filed its plea, and his amended pleading still does not allege facts constituting a waiver of immunity, we dismiss Ruffin's lawsuit with prejudice.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

200646F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CITY OF DALLAS, Appellant

No. 05-20-00646-CV    V.

REGGIE RUFFIN, Appellee

On Appeal from the 95th District Court, Dallas County, Texas
Trial Court Cause No. DC-19-11133.
Opinion delivered by Justice Partida-Kipness. Justices Pedersen, III and Goldstein participating.

In accordance with this Court's opinion of this date, the trial court's order denying the City's plea to the jurisdiction is **REVERSED** and judgment is **RENDERED** that Reggie Ruffin's claims against the City of Dallas are **DISMISSED WITH PREJUDICE**.

It is **ORDERED** that appellant CITY OF DALLAS recover its costs of this appeal from appellee REGGIE RUFFIN.

Judgment entered this 28th day of July 2021.