**Reversed and Rendered and Opinion Filed October 9, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00276-CV**

**CITY OF DALLAS, Appellant**
**V.**
**REMY HOLMQUIST, Appellee**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-22-00018-D**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Nowell
Opinion by Justice Nowell

Remy Holmquist sued the City of Dallas for negligence after he fell into a hole located near a walking path in a City-owned park. The City filed a plea to the jurisdiction, which the trial court denied. In this interlocutory appeal, the City argues the trial court's order is erroneous. *See* TEX. CIV. PRAC. & REM. CODE. § 51.014(a)(8) (allowing appeal from interlocutory order denying plea to the jurisdiction by governmental unit). We reverse the trial court's February 28, 2023 Order Denying Defendant's Plea to the Jurisdiction and render judgment dismissing the case for lack of subject-matter jurisdiction.

## FACTUAL BACKGROUND

On October 25, 2020, between about 3:30 and 4:00 a.m., Holmquist and others smoked methamphetamines and drank beer in a hotel room before leaving the hotel on foot to find a convenience store. They turned back when they did not find a store and, on their return to the hotel, opted to walk on an unlit path through a park owned and maintained by the City. Once inside the park, the men decided to return to the street that was about 30-feet away. Holmquist testified that to get to the street, he "turned around on the walkway, took about two steps, and then stepped up on the curb where the manhole cover was. All I saw was a shadow in front of me," which he thought was "part of the ground." He walked toward the shadow and fell into a hole that was approximately 5 feet long by 5 feet wide and at least 4 feet deep. Holmquist alleges he sustained injuries from the fall.

Holmquist sued the City for negligence. In his original petition, Holmquist pleaded the trial court has jurisdiction over his claim because the Texas Tort Claims Act (TTCA) waives the City's immunity for claims involving premises defects such as the hole he fell into. *See* TEX. CIV. PRAC. & REM. CODE § 101.022(a). In response, the City filed a plea to the jurisdiction. Holmquist then amended his petition to allege the hole was a special defect pursuant to section 101.022(b) of the TTCA. *See id.* at § 101.022(b). Following a hearing, the trial court denied the City's plea to the jurisdiction, and this interlocutory appeal followed.

STANDARD OF REVIEW

Governmental units, including political subdivisions, generally are immune from suit absent a legislative waiver. *City of Austin v. Quinlan*, 669 S.W.3d 813, 818 (Tex. 2023). Because governmental immunity is jurisdictional, a governmental entity properly raises an immunity claim in a plea to the jurisdiction. *Id.* When, as here, a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider the relevant evidence submitted by the parties to determine if a fact issue exists. *City of Mesquite v. Wagner*, No. 05-22-00826-CV, 2023 WL 3408528, at *2 (Tex. App.—Dallas May 12, 2023, pet. filed) (mem. op.) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004)).

We review a court's ruling on a plea to the jurisdiction de novo. *Quinlan*, 669 S.W.3d at 818. The standard of review for a jurisdictional plea based on evidence "generally mirrors that of a summary judgment." *Wagner*, 2023 WL 3408528, at *2 (quoting *Miranda*, 133 S.W.3dat 228); *City of Dallas v. Prado*, 373 S.W.3d 848, 852 (Tex. App.—Dallas 2012, no pet.). The burden is on the governmental entity, as movant, to present evidence sufficient to negate jurisdiction. *Wagner*, 2023 WL 3408528, at *2 (citing *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 391 (Tex. 2016)). If the governmental entity meets its burden, the burden shifts to the plaintiff, as the nonmovant, to demonstrate a factual dispute on the jurisdictional issue. *Id.* (citing *Sampson*, 500 S.W.3d at 391). If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the

jurisdiction, and the fact issue will be resolved by the factfinder. *Id*. (citing *Sampson*, 500 S.W.3d at 392). However, if the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id*. (citing *Sampson*, 500 S.W.3d at 392).

APPLICABLE LAW

Governmental immunity protects the State's political subdivisions, including its cities, against suits and legal liability. *Dohlen v. City of San Antonio*, 643 S.W.3d 387, 392 (Tex. 2022). Cities retain immunity unless the Legislature clearly and unambiguously waives it. *Id.* "We interpret statutory waivers of immunity narrowly, as the Legislature's intent to waive immunity must be clear and unambiguous." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008) (citing TEX. GOV'T CODE § 311.034). The TTCA provides a limited waiver of immunity for certain suits against governmental entities. *Garcia*, 253 S.W.3d at 655. (citing TEX. CIV. PRAC. & REM. CODE § 101.023).

The TTCA waives immunity for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE § 101.021(2). When a claim arises from a premises defect, "the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises." *Id*. § 101.022(a). "The duty owed to a licensee on private property requires that 'a

landowner not injure a licensee by willful, wanton or grossly negligent conduct, and that the owner use ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not.'" *Sampson*, 500 S.W.3d at 385 (quoting *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex.1992)).

Section 101.022(a) does not apply to the duty to warn of special defects. TEX. CIV. PRAC. & REM. CODE § 101.022(b). In special-defect cases, the government's duty is that of a private landowner to an invitee. *Fraley v. Tex. A&M Univ. Sys.*, 664 S.W.3d 91, 96 (Tex. 2023). For a special defect, the duty is to warn of an unreasonable risk of harm that the premises condition creates when the government owner knows or reasonably should know of that condition. *Id.* at 98. Whether a condition qualifies as a special defect is a question of law. *Id.*

The TTCA defines a special defect by listing examples: special defects include "excavations or obstructions on highways, roads, or streets." *Fraley*, 664 S.W.3d at 98 (discussing TEX. CIV. PRAC. & REM. CODE § 101.022(b)). When applying this definition, the Texas Supreme Court "has held that a special defect must be 'of the same kind or class' as excavations or obstructions." *Id.* (quoting *County of Harris v. Eaton*, 573 S.W.2d 177, 179 (Tex. 1978)). Factors helpful to ascertaining whether a premises condition is a special defect include the condition's size, whether the condition unexpectedly impairs a vehicle's ability to travel on the road, or whether it presents an unexpected and unusual danger to ordinary users of

–5–

the roadway. *Id.* An ordinary roadway user follows the normal course of travel. *Id.* An ordinary user does not "careen uncontrollably off the paved roadway and into the adjoining grass." *Id.*

### DISCUSSION

The parties dispute whether Holmquist's claim is properly categorized as a premises defect claim or a special defect claim. The City argues its immunity is not waived because the claim is properly classified as a premises defect claim; the record establishes the hole was open, obvious, and known to Holmquist; and the City did not have prior actual or constructive knowledge of the condition. Holmquist argues the condition is a special defect, and the TTCA waives the City's immunity.

This Court previously considered a similar fact pattern. *See Purvis v. City of Dallas*, No. 05-00-01062-CV, 2001 WL 717839 (Tex. App.—Dallas June 27, 2001, no pet.) (not designated for publication). Purvis sued the City for injuries sustained when he stepped into an uncovered manhole in a grassy area near a public sidewalk that ran parallel to a road. *Id.* at *1. Purvis alleged the uncovered manhole was a special defect. *Id.* Rejecting his argument, this Court stated: "the manhole was in the grassy area on the opposite side of the sidewalk from the roadway, and pedestrians ordinarily utilizing the roadway would walk on the sidewalk and not in the grassy area." *See id.* at *3. Further, "a normal user of [the road] would not have encountered the open manhole." *Id.* The Court concluded the open manhole was not a special defect. *Id.* at *4.

–6–

Holmquist testified he was walking on the path in the park when he decided to return to the street. Holmquist turned around on the walkway, took two steps, stepped up on a curb, walked toward a shadow in the grass, and fell into the hole. The record does not reflect exactly how far off the walking path the hole was located. However, the record shows the hole was in a grassy area separated from the walking path by a curb and some number of steps. The hole was not part of the sidewalk.

We conclude the hole did not unexpectedly impair Holmquist's ability to travel, and Holmquist did not act as an ordinary user when he stepped off the path, over a curb, and took additional steps into the adjoining grassy area. The area where Holmquist fell was not intended for pedestrian use, and a normal user would not have encountered the hole. Accordingly, the defect that Holmquist encountered did not pose a danger to ordinary users of the path. The condition that caused Holmquist's injuries is similar to the one in *Purvis* and is not a special defect.

While Holmquist appears to have abandoned his jurisdictional argument that the City's immunity is waived under section 101.022(a), we will consider that issue out of an abundance of caution. The City's plea to the jurisdiction included an affidavit from the Configuration Manager for the City's 311 Customer Service Center. Her affidavit states 311 is a "reporting system in which complaints or calls for City services regarding any alleged hazardous conditions which may exist in the City of Dallas are received." Following a search of the 311 records, she could not find any calls, reports, or complaints about the hole in the park during the two years

preceding Holmquist's fall. At the hearing on the City's plea to the jurisdiction, Holmquist's counsel conceded Holmquist had no evidence the City had actual knowledge of the hole or evidence the City was grossly negligent. Because there is no evidence as to the City's actual knowledge of the defect, the City's immunity was not waived pursuant to section 101.022(a).

We sustain the City's sole issue to the extent discussed above. We do not address the City's argument that the trial court lacked subject-matter jurisdiction under the Recreational Use Statute. *See* TEX. R. APP. P. 47.1.

In conclusion, because we determine the TTCA does not waive the City's immunity in this case, we reverse the trial court's order denying the City's plea to the jurisdiction. We render judgment dismissing Holmquist's claims for lack of subject-matter jurisdiction.

230276f.p05

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

CITY OF DALLAS, Appellant

No. 05-23-00276-CV     V.

REMY HOLMQUIST, Appellee

On Appeal from the County Court at Law No. 4, Dallas County, Texas
Trial Court Cause No. CC-22-00018-D.

Opinion delivered by Justice Nowell. Justices Molberg and Pedersen, III participating.

In accordance with this Court's opinion of this date, the trial court's February 28, 2023 Order Denying Defendant's Plea to the Jurisdiction is **REVERSED** and judgment is **RENDERED** dismissing the case for lack of subject-matter jurisdiction.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 9th day of October, 2023.