**CITY OF GRAPEVINE, Petitioner,**

v.

**Gerri ROBERTS and Keith Roberts, Respondents.**

No. 96–0817.

Supreme Court of Texas.

June 6, 1997.

William Forteith, Dallas, for Petitioner.

Robert D. Hudnall, Dallas, for Respondents.

## OPINION

PER CURIAM.

The primary issue we consider in this premises liability case is whether a cracked and crumbling sidewalk step constitutes an ordinary premise defect or a special defect under the Texas Tort Claims Act. Contrary to the court of appeals, we conclude that the condition of the sidewalk step in this case is an ordinary premise defect. Accordingly, although we deny the City's application for writ of error, we disapprove of the court of appeals' holding that the step is a special defect.

Gerri Roberts lost her balance while walking down steps from an elevated sidewalk toward the curb at the intersection of Main Street and Worth Street in Grapevine. Roberts was carrying her twenty-one-month-old daughter and her purse. She unexpectedly lost her balance descending the first step because the unusual height of the step surprised and startled her. As she began to lose her balance, she attempted to take the next step and stepped into a hole in the sidewalk step where the concrete had cracked and crumbled away. She then fell backwards, dropping her baby into the street. Although the baby was unharmed, the fall resulted in a sprain to Roberts' right ankle and a fracture of her left ankle that required metal screws.

Roberts brought suit against the City of Grapevine for damages under the Texas Tort Claims Act, alleging that the dangerous condition of the crumbled and cracked sidewalk step caused her fall. The City moved for summary judgment, arguing that the condition of the sidewalk step constituted an ordinary premise defect and, therefore, the City's

duty to Roberts was only that owed a licensee. The City also argued that it did not breach its duty as a licensor because the defect was open and obvious. The trial court granted summary judgment for the City. The court of appeals reversed and remanded, holding that the condition of the sidewalk step was a special defect, and a fact question remained regarding whether the City breached the duty owed Roberts as an invitee. 923 S.W.2d 169, 173.

The Texas Tort Claims Act provides governmental liability for personal injuries caused by a condition of real property if the governmental unit would, were it a private person, be liable under Texas law. TEX. CIV. PRAC. & REM.CODE § 101.021. The Act provides different standards of care depending on whether the claim arises from an ordinary premise defect or a special defect. *Id.* § 101.022. If the condition was an ordinary premise defect, the City owed Roberts the same duty that a private landowner owes a licensee. *Id.* § 101.022(a); *State Dep't of Highways v. Payne,* 838 S.W.2d 235, 238 (Tex.1992). Generally, the duty a landowner owes a licensee is not to injure the licensee through willful, wanton, or grossly negligent conduct. *Payne,* 838 S.W.2d at 237; *State v. Tennison,* 509 S.W.2d 560, 562 (Tex.1974); *Carlisle v. J. Weingarten, Inc.,* 137 Tex. 220, 152 S.W.2d 1073, 1074 (1941). An exception to the general rule is that if the landowner has knowledge of a dangerous condition and the licensee does not, the landowner has a duty either to warn the licensee or to make the condition reasonably safe. *Payne,* 838 S.W.2d at 237; *Tennison,* 509 S.W.2d at 562. On the other hand, if the condition was a special defect, the City owed Roberts the same duty that a private landowner owes an invitee. *Payne,* 838 S.W.2d at 237; *see also* TEX. CIV. PRAC. & REM.CODE § 101.022(b). That duty requires the landowner to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a condition of the premises of which the owner is or reasonably should be aware. *Payne,* 838 S.W.2d at 237; *see also County of Harris v. Eaton,* 573 S.W.2d 177, 180 (Tex.1978).

Determining whether a condition is a special defect or an ordinary premise defect is a question of law for the court. *Payne,* 838 S.W.2d at 238. Special defects are "defects such as excavations or obstructions on highways, roads, or streets." TEX. CIV. PRAC. & REM.CODE § 101.022(b); *Payne,* 838 S.W.2d at 238. The examples in the statute are not exclusive, and courts are to construe "special defects" to include defects of the same kind or class as the ones expressly mentioned in the statute. *See Eaton,* 573 S.W.2d at 179.

We agree with the City that the step's condition was not a special defect. Construing a partially cracked and crumbled sidewalk step to be an excavation or obstruction grossly strains the definitions of those conditions. As a matter of law, a partially cracked and crumbled sidewalk step is not a defect of the same kind or class as the excavations or obstructions the statute contemplates. Our conclusion is evident from the eight photographs submitted as summary judgment evidence. These photographs demonstrate that the essential structure of the steps leading from the sidewalk to the street was not impaired. Instead, only portions of the lowest step showed some cracking and crumbling. The step's condition clearly does not "pose a threat to the ordinary users" of the abutting roadway. *Payne,* 838 S.W.2d at 238–39 n. 3.

Therefore, while we deny the City's application because any error of the appellate court in reversing and remanding the trial court's summary judgment is not of such importance to the jurisprudence of the state to require correction, we disapprove of the court of appeals' holding that the step was a special defect.