**The CITY OF RICHARDSON,**
**Appellant,**

v.

**Lisa A. JUSTUS, Appellee.**

**No. 05–10–00185–CV.**

Court of Appeals of Texas,
Dallas.

Nov. 16, 2010.

Stephen R. Marsh, David Kosterboer & Associates, Richardson, TX, for Appellant.

James Matthew Sikes, Stanford Purser, K & L Gates, LLP, Dallas, TX, for Appellee.

Before Justices MORRIS, MOSELEY, and MYERS.

## OPINION

Opinion By Justice MORRIS.

In this interlocutory appeal, the City of Richardson challenges the trial court's denial of its plea to the jurisdiction in a lawsuit filed by Lisa A. Justus after she tripped and fell on a public sidewalk. The City contends the trial court erred in denying its plea because the condition of the sidewalk as alleged by Justus was not a special defect, the City had no knowledge of the alleged defect, and Justus's separate negligence cause of action based on a City employee's failure to repair or warn of the alleged defect is subsumed under her premises liability claims. For the reasons that follow, we reverse in part the trial court's order and render judgment dismissing Justus's special defect and negligence claims for lack of subject matter jurisdiction. We affirm the trial court's order in all other respects.

### I.

In October 2008, while taking a walk in her Richardson neighborhood, Justus suffered personal injuries when she tripped and fell on a portion of raised and uneven sidewalk in front of 1004 Hillsdale Drive. She alleged a vertical separation in the sidewalk of at least three inches. She sued the City for damages asserting separate causes of action for (1) a premises defect, (2) a special defect, and (3) negligence. The City responded with a plea to the jurisdiction asserting the trial court lacked subject matter jurisdiction over Justus's claims because they did not fall within the limited waiver of immunity afforded under The Texas Tort Claims Act. The trial court disagreed and denied the City's motion. The City then brought this appeal.

### II.

An assertion of governmental immunity from suit challenges the trial court's exercise of subject matter jurisdiction in the matter and is properly asserted in a plea to the jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex.2004). When deciding a plea to the jurisdiction, a trial court is not limited to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex.2000). Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law that we review *de novo*. *Miranda*, 133 S.W.3d at 226. Likewise, whether undis-

puted evidence of jurisdictional facts establishes a trial court's jurisdiction is also a question of law. *Id.* In some cases, however, disputed evidence of jurisdictional facts that also implicate the merits of the case may require resolution by a fact finder. *Id.*

 Under the Texas Tort Claims Act, the legislature has expressly waived governmental immunity for damage claims caused by (1) the operation or use of publicly-owned vehicles or equipment or (2) a condition or use of tangible personal or real property. TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.021(1)(A) & (2); 101.025 (West 2005). Accordingly, to sue a governmental entity for a tort, the pleadings must state a claim under the Act. *Texas Dep't of Transp. v. Jones,* 8 S.W.3d 636, 639 (Tex. 1999). When the claim arises from the condition of real property, the duty owed by the governmental entity depends on whether the complained-of condition is an ordinary premises defect or a special defect as that term is used in the Act. TEX. CIV. PRAC. & REM.CODE ANN. § 101.022 (West Supp.2009).

 We begin with the City's challenge to Justus's negligence cause of action based on City employee Jim Dulac's alleged failure to have the sidewalk repaired or marked as a dangerous hazard. The City correctly asserts that Justus's claim of negligence is subsumed within her premises liability claims and its governmental immunity has not been waived for a general negligence claim under the Act. A plaintiff injured by a premises defect on governmental property is limited to asserting a premises liability claim as provided by the Act. *See Stephen F. Austin State Univ. v. Flynn,* 202 S.W.3d 167, 173 (Tex. App.-Tyler 2004, *rev'd on other grounds,* 228 S.W.3d 653 (Tex.2007)). To the extent Justus attempts to assert a claim based on any negligence of Dulac separate and apart from her premises liability claims, the Act does not waive the City's governmental immunity for such a claim.[1] Accordingly, the trial court erred in denying the City's plea to the jurisdiction on the negligence cause of action.

### III.

 We next address the City's jurisdictional challenges to Justus's premises liability claims. The City initially contends the sidewalk condition of which Justus complains is not a special defect under the Act. As noted above, the Act provides a limited waiver of immunity to suits for tort claims against the City arising from ordinary premises defects and special defects. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.022. The difference between the claims based on special defects and ordinary defects is the duty of care owed by the governmental entity. *Id.* The determination of whether an alleged condition is a special defect is a question of law for the court. *See City of Grapevine v. Roberts,* 946 S.W.2d 841, 843 (Tex.1997). Examples of special defects include "defects such as excavation or obstructions on highways, roads and streets." TEX. CIV. PRAC. & REM. CODE ANN. § 101.022(b). Although the defects identified in the statute are not exclu-

---

1. We note that when addressing this negligence claim in both her amended petition and her appellate brief, Justus cites to section 101.021(1) of the Act for her assertion that the city owed her a duty to exercise reasonable care. Section 101.021(1) provides that a governmental entity is liable for damages and injuries caused by the negligence of an employee acting within the scope of his employment *if* the damage or injury arises from the operation or use of a motor vehicle *and* the employee would be personally liable to the claimant according to Texas law. TEX. CIV. PRAC. & REM CODE ANN § 101.021. This section has no applicability in the present case.

sive, courts must construe "special defects" to include defects of the same kind or class as those expressly set forth in the statute. *Roberts*, 946 S.W.2d at 843. Traditionally, the Texas Supreme Court has distinguished special defects from ordinary defects by some unusual quality outside the ordinary course of events. *See City of Dallas v. Reed*, 258 S.W.3d 620, 622 (Tex. 2008). In *Roberts*, the Texas Supreme Court held that a partially cracked and crumbled sidewalk step was not a special defect within the meaning of section 101.022(b). *Id.* Likewise, in *City of El Paso v. Bernal*, the supreme court held that the eroded or abraded area in the sidewalk with a depth of three inches at its lowest point was not a special defect as a matter of law. 986 S.W.2d 610, 611 (Tex. 1999). Based on the allegations and evidence presented, we conclude the sidewalk separation here is not in the same kind or class as an excavation or obstruction, nor is it an unexpected or unusual danger to ordinary sidewalk users. Accordingly, Justus has not presented a viable special defect claim and the trial court erred in denying the City's jurisdictional challenge to that cause of action.

▌ In light of our conclusion that the condition of the sidewalk was not a special defect, we must now decide whether Justus has asserted a cognizable cause of action under the Act for an ordinary premises defect. To assert a claim based on an ordinary premises defect under the Act, Justus had to plead that a condition of the sidewalk created an unreasonable risk of harm, the City had actual knowledge of the condition, she lacked actual knowledge of the condition, the City failed to exercise ordinary care to protect her from the danger, and the City's failure was a proximate

cause of her injury. *See State Dept. of Hwys. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992).

The City does not argue that Justus failed to plead sufficient facts to demonstrate her suit falls within the scope of the Act's limited waiver of immunity. Instead, the City contends that it lacked actual knowledge of the sidewalk condition. In support of its position, the City primarily relies on the affidavit of Jim Dulac, a City senior project engineer who states 1004 Hillsdale is in an area that, in 2007 through early 2008, had been inspected and all sidewalks with three-inch hazards were repaired. He further indicated that the area homeowners' association did not list the location of the incident as a three-inch hazard that needed to be repaired. The City also presented its discovery responses indicating it found no instance of any other injuries occurring as a result of the alleged sidewalk condition.

Justus responds that City records indicating 1004 Hillsdale Drive was listed as a "priority one" sidewalk repair in 2003 and part of the "2007 Severe Trip Hazard Repair Program," combined with the lack of any evidence the condition was ever repaired, creates a fact issue with respect to the City's actual knowledge of the defect.[2] Indulging every reasonable inference and resolving any doubts in Justus's favor, we conclude the evidence creates a fact issue with respect to whether the City had actual knowledge of the defective condition at the time of the accident.

In reaching this conclusion, we necessarily reject the City's contention that we are limited to considering the City's last inspection to determine the City's actual knowledge. The City relies on *City of*

---

2. Our record also contains a document about the City's annual hazardous sidewalk program defining a priority one repair as "Sec-

tions of sidewalk hav[ing] a vertical separation of greater than three inches, or hav[ing] broken up more than 80%."

*Dallas v. Reed* for its position. 258 S.W.3d 620. *Reed* involved a two-inch drop-off in between traffic lanes in the roadway. *Id.* at 621. The evidence revealed the street inspector was aware of the drop-off and reported her findings to the City. *Id.* at 623. Her report, however, did not indicate the drop-off's potential danger and instead rated the road condition as "fair." The Texas Supreme Court held that the inspector's acknowledgment in a deposition after the accident that the road could likely receive a poor "D" rating was insufficient to show the City's knowledge of the dangerous condition at the time of the accident. *Id.* Here, unlike *Reed,* we have City documents indicating the sidewalk at 1004 Hillsdale was identified as a priority one hazard in 2003 and included in the 2007 Severe Trip Hazard Program. Additionally, Dulac indicated that 1004 Hillsdale was inspected by Robert Walker, who found two trip hazards of less than two inches each.[3] There is no evidence that the sidewalk in question was repaired after the City's 2003 designation. Contrary to the City's assertions, the later City inspections that failed to reveal a three-inch hazard, along with the area homeowners' association's failure to identify 1004 Hillsdale as a three-inch trip hazard, do not establish its lack of knowledge of the alleged dangerous condition at the time of the accident. Accordingly, we reject the City's argument that there was no waiver of its immunity because it had no knowledge of a three-inch trip hazard. The trial court did not err in denying the City's plea to the jurisdiction on Justus's ordinary premises defect claim.

## IV.

In conclusion, because we have determined that the Act does not waive the City's immunity in this case for a claim based on general negligence and the condition of the sidewalk as alleged by Justus was not a special defect as a matter of law, we reverse the trial court's order denying the City's plea to the jurisdiction on Justus's general negligence and special defect claims. We partially grant the City's plea to the jurisdiction and render judgment dismissing those claims for want of subject matter jurisdiction. In addition, because we conclude the jurisdictional evidence presented raises a fact issue with respect to the City's actual knowledge of an ordinary premises defect, we affirm the trial court's denial of the City's plea to the jurisdiction on Justus's cause of action based on an ordinary premises defect.

---

**3.** City documents indicate that vertical separations (trip hazards) between two and three inches were a "priority two" repair and those between one and two inches were a "priority three" repair.