**CITY OF DALLAS, Appellant**

v.

**Florania PRADO, Appellee.**

**No. 05–11–01598–CV.**

Court of Appeals of Texas, Dallas.

July 16, 2012.

Patricia M. Medrano, Barbara E. Rosenberg, James Pinson, City of Dallas Attorney's Office, Dallas, TX, for Appellant.

Kate Smith, Kate Smith Law, Colleyville, TX, Thomas M. Michel, Griffith, Jay & Michel, LLP, Fort Worth, TX, for Appellee.

Before Justices FITZGERALD, MURPHY, and FILLMORE.

## OPINION

Opinion By Justice FILLMORE.

In this interlocutory appeal, the City of Dallas challenges the trial court's denial of its plea to the jurisdiction in a lawsuit filed by Florania Prado after she slipped and fell at the Latino Cultural Center (the Center). In its first three issues, the City argues the trial court erred by denying the plea to the jurisdiction because the City is entitled to governmental immunity from Prado's premise defect claim and Prado's separate general negligence cause of action is subsumed under her premise defect claim. In its fourth issue, the City asserts the trial court erred by considering the evidence referenced in Prado's response to the plea to the jurisdiction because it was not properly before the court. We reverse the trial court's order and render judgment dismissing Prado's general negligence and premise defect claims for lack of subject matter jurisdiction.

## Background

On May 2, 2009, the Center was hosting the Folklorico Festival (the Festival), a Mexican dance festival. It rained heavily that afternoon, and the events were moved from the outdoor plaza to the indoor theater. The Center's staff directed all individuals attending the event to go inside.

Water from the rain was entering the building through the doors leading to the administrative wing of the building. According to Alejandrina Drew, the general manager of the Center in May 2009, the Center had experienced problems with water running into the building through the doors during previous rains and had developed a procedure for dealing with the problem that included locking the doors to the administrative wing, removing a mat by the doors, and posting "Wet Floor" signs. On May 2, 2009, the Center's staff locked the doors to the administrative wing and removed a mat by the doors. Drew did not know whether there were any warning signs placed by the doors, but

yellow signs stating "Wet Floor" were placed near the theater and the rotunda. According to Prado, there were no warning signs at the doors to the administrative wing.

Prado came to the Center to pick up some singers performing in the Festival. Prado knew the ground was wet from the rain, and she was carrying an umbrella. Prado was wearing leather flip-flops and was walking carefully. Prado saw some individuals dancing inside the Center and decided to enter the Center through the doors to the administrative wing. As Prado stepped into a puddle of water and pulled on the locked doors, she fell. Prado claims she was injured from the fall.

Prado sued the City asserting the City was negligent by permitting the floor to become "wet and slippery," failing to rectify the condition of the floor, and failing to warn Prado of the condition of the floor. The City filed a plea to the jurisdiction asserting immunity from suit and attached evidence to its plea. Prado filed a response referring to attached evidence, but failed to attach the referenced evidence. Prado also filed an amended petition that asserted both negligence and premise defect causes of action. Prado alleged under her premise defect cause of action that there was an unreasonable risk of harm due to "the puddle of water, combined with [the City's] decision to lock the door to the entrance." Prado further alleged the City failed to warn her of the danger. The trial court denied the City's plea, and the City filed this appeal.

### Standard of Review

■■■ Governmental immunity from suit defeats a trial court's subject-matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 225–26 (Tex.2004); *see also Reata Constr. Corp. v. City of Dallas,* 197 S.W.3d 371, 374 (Tex.2006). The existence of subject-matter jurisdiction is a question of law, and we review the trial court's ruling on a plea to the jurisdiction de novo. *State v. Holland,* 221 S.W.3d 639, 642 (Tex. 2007); *Miranda,* 133 S.W.3d at 226, 228; *City of Wylie v. Taylor,* 362 S.W.3d 855, 859 (Tex.App.-Dallas 2012, no pet.).[1]

■■■ The plaintiff bears the burden to plead facts affirmatively demonstrating governmental immunity has been waived and the court has subject matter jurisdiction. *Holland,* 221 S.W.3d at 642. A governmental entity's plea to the jurisdiction can be based on the pleadings or on evidence. *Miranda,* 133 S.W.3d at 226. When, as in this case, a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties to determine if a fact issue exists. *City of Waco v. Kirwan,* 298 S.W.3d 618, 622 (Tex.2009); *Miranda,* 133 S.W.3d at 227. The standard of review for a jurisdictional plea based on evidence "generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c)." *Miranda,* 133 S.W.3d at 228. That is, we take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Id.* at 228. The burden is on the governmental unit as movant to meet the standard of proof. *Id.* at 228. If the evidence creates a fact question regarding the juris-

---

1. In reviewing the City's complaints on appeal, we will consider only the evidence before the trial court at the hearing on the plea to the jurisdiction. We, therefore, need not address the City's fourth issue in which it complains the trial court erred by considering evidence that was referenced in, but not attached to, Prado's response to the plea. *See* Tex.R.App. P. 47.1.

dictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder. *Kirwan*, 298 S.W.3d at 622; *Miranda*, 133 S.W.3d at 227–28. However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Kirwan*, 298 S.W.3d at 622; *Miranda*, 133 S.W.3d at 228.

## Applicable Law

■ Whether a governmental unit is immune from tort liability for a particular claim depends entirely upon statute. *Dallas Cnty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 341 (Tex.1998); *Taylor*, 362 S.W.3d at 860. As relevant to this case, the Texas Tort Claims Act (the TTCA) provides a limited waiver of immunity for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(2) (West 2011); *see also Univ. of Tex. at Austin v. Hayes*, 327 S.W.3d 113, 115–16 (Tex.2010) (per curiam).

■ If a claim arises from a premise defect, the governmental entity owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises. TEX. CIV. PRAC. & REM CODE ANN. § 101.022(a); *City of Irving v. Seppy*, 301 S.W.3d 435, 441 (Tex.App.-Dallas 2009, no pet.). This duty requires the landowner to avoid injuring a licensee by willful, wanton or grossly negligent conduct, and that the owner use ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee

is not. *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex.1992) (op. on reh'g); *Seppy*, 301 S.W.3d at 441. The governmental entity must have actual knowledge of the dangerous condition. *City of Corsicana v. Stewart*, 249 S.W.3d 412, 413–14, 416 (Tex.2008) (per curiam); *Payne*, 838 S.W.2d at 237. Constructive knowledge of the defect is insufficient. *Stewart*, 249 S.W.3d at 414–15, 416.

## Premise Defect

■ In its first issue, the City asserts generally that the trial court erred by granting the City's plea to the jurisdiction. In its third issue, the City argues the trial court did not have subject matter jurisdiction over Prado's premise defect claim because the City maintains its immunity under the TTCA.

In its plea to the jurisdiction, the City asserted, among other grounds, that the trial court did not have jurisdiction over Prado's premise defect claim because the City did not have actual knowledge of a dangerous condition. The City presented evidence through Drew that there had been no reports between 2004 and 2009 of accidents due to rainwater pooling outside the doors to the administrative wing of the Center, the locking of the doors, or the removal of the mat beside the doors. Drew also stated that, prior to Prado's fall, there had been no complaints on May 2, 2009 about a puddle of water outside the doors leading to the administration wing. To raise a fact issue regarding the City's actual knowledge of a dangerous condition, Prado pointed to evidence that the City knew (1) it was raining, (2) the doors had been locked, (3) the mat had been removed, (4) no warning signs had been posted, and (5) no City employee was present to direct Prado to another entrance.

854

Actual knowledge on the part of a governmental entity requires knowledge that the dangerous condition existed at the time of the accident, as opposed to constructive knowledge which can be established by facts or inferences that a dangerous condition could develop over time. *Stewart*, 249 S.W.3d at 414–15; *see also Reyes v. City of Laredo*, 335 S.W.3d 605, 608 (Tex.2010) (per curiam) (actual knowledge is knowledge of dangerous condition at time of accident, not merely knowledge that dangerous condition could possibly develop over time). "Awareness of a potential problem is not actual knowledge of an existing danger." *Reyes*, 335 S.W.3d at 609. Although the absence of reports is just one factor to consider when determining whether a premises owner had actual knowledge of a dangerous condition, "courts generally consider whether the premises owner has received reports of prior injuries or reports of the potential danger presented by the condition." *Univ. of Tex.-Pan Am. v. Aguilar*, 251 S.W.3d 511, 513 (Tex.2008) (per curiam); *see also City of Dallas v. Reed*, 258 S.W.3d 620, 622 (Tex.2008) (per curiam) (no prior accidents or complaints about road condition contributed to conclusion of no actual knowledge at the time of the motorcycle accident).

Actual knowledge of a dangerous condition can sometimes be proven through circumstantial evidence. *See City of Austin v. Leggett*, 257 S.W.3d 456, 476 (Tex.App.-Austin 2008, pet. denied). However, "[c]ircumstantial evidence establishes actual knowledge only when it 'either directly or by reasonable inference' supports that conclusion." *Stewart*, 249 S.W.3d at 415 (quoting *State v. Gonzalez*, 82 S.W.3d 322, 330 (Tex.2002)).

In *Stewart*, two children drowned when the car they were in was swept away by flooding at a low-water crossing during a heavy rainstorm. The plaintiffs claimed the City of Corsicana's knowledge that the crossing tended to flood during heavy rains, combined with knowledge that it was raining hard on the night of the incident, "supports the inference that the City [of Corsicana] actually knew the crossing was flooded at the time of the accident." *Id.* at 414. The City of Corsicana offered evidence that the first time it learned that a dangerous condition existed on the day of the incident was when the claimant called 911 to report the problem, which was "after the dangerous condition had arisen." *Id.* The supreme court concluded: "It is undisputed that no direct evidence was offered that the City knew [a dangerous condition existed] prior to the accident." *Id.; see also Reyes*, 335 S.W.3d at 609 (knowledge that street crossing had flooded during previous rainstorms did not raise issue of fact regarding whether City had actual knowledge of flood at time of accident); *City of Wylie v. Taylor*, 362 S.W.3d 855, 864 (Tex.App.-Dallas 2012, no pet.). Further, evidence that there was inclement weather in the vicinity, a road one mile upstream was closed due to flooding, the City knew the crossing flooded during heavy rains, and the City was aware of heavy rains and flooding after the accident and any inference arising from that evidence, did not "raise a fact question on the [City of Corsicana's] actual knowledge that a dangerous condition existed at or near the crossing at the time of the accident." *Stewart*, 249 S.W.3d at 415.

Based on these cases, we question whether the City had actual knowledge on May 2, 2009 of a dangerous condition due to a puddle of water outside the doors to the administrative wing. The City did not receive any reports on May 2, 2009 of a puddle of water at the doors leading to the administrative wing and there had been no reported accidents between 2004 and 2009

from someone falling at the doors to the administrative wing due to a puddle of water. Further, the circumstantial evidence relied on by Prado establishes only that the City had a procedure to prevent water from entering the building when it was raining.

■ However, regardless of whether the City had actual knowledge of the puddle of water and that it constituted a dangerous condition, Prado admitted she was aware of the puddle. *See Payne*, 838 S.W.2d at 237 (duty of licensor is either to warn licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not); *Seppy*, 301 S.W.3d at 441. Further, if we consider the allegedly dangerous condition to be the puddle of water in combination with the locked door, there is no evidence the City had actual knowledge that locking the door created a dangerous condition.[2] Rather, the door was locked as part of a safety measure to prevent water from entering the building, leading to a wet and slippery floor inside the building. There is no direct or circumstantial evidence the City had actual knowledge of an existing danger due to the locked door. *See Reyes*, 335 S.W.3d at 609. Further, prior to Prado's fall, there had been no reported accidents between 2004 and 2009 due to the City locking the door. Finally, Prado's contention the City could have done more to warn her is not evidence the City had actual knowledge of a dangerous condition. *See Hayes*, 327 S.W.3d at 117–18.

We conclude Prado failed to raise a fact issue regarding the City's knowledge of a dangerous condition. Accordingly, Prado's premise defect claim under the TTCA is barred by governmental immunity. We

resolve the City's first issue, to the extent it complains the trial court erred by denying the plea to the jurisdiction as to Prado's premise defect claim, and the City's third issue in the City's favor.

## General Negligence Claim

■ In its second issue, the City asserts the trial court did not have subject matter jurisdiction over Prado's negligence claim separate from the premise defect claim. In her amended petition, Prado also brought a general negligence claim based on the City's alleged failures to make the area around the doors safe or to warn Prado about the unsafe conditions. The City correctly asserts that Prado's claim of negligence is subsumed within her premise defect claim and its governmental immunity has not been waived under the TTCA for a general negligence claim. A plaintiff injured by a premise defect on governmental property is limited to asserting a premise defect claim as provided by the TTCA. *Miranda*, 133 S.W.3d at 233; *City of Richardson v. Justus*, 329 S.W.3d 662, 665 (Tex.App.-Dallas 2010, no pet.). To the extent Prado attempts to assert a claim based on any negligence of the City separate and apart from her premise defect claim, the TTCA does not waive the City's governmental immunity for such a claim. *Justus*, 329 S.W.3d at 665. Accordingly, the trial court erred by denying the City's plea to the jurisdiction on the general negligence cause of action. We resolve the City's first issue, to the extent it complains the trial court erred by denying the City's plea to the jurisdiction as to Prado's general negligence claim, and the City's second issue in the City's favor.

---

2. We note that, without the puddle of water, the locked doors alone would not constitute an unreasonably dangerous condition. *See Douglas v. Dayton Hudson Corp.*, No. 05–98– 00005–CV, 2000 WL 246256, at *2 (Tex.App.-Dallas Mar. 6, 2000, pet. denied) (not designated for publication).

## Conclusion

We grant the City's plea to the jurisdiction and render judgment dismissing Prado's general negligence and premise defect claim for want of subject matter jurisdiction.