

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00037-CV

———————————————

CITY OF DENTON, Appellant

V.

ANGELA RAGAS, Appellee

On Appeal from the 481st District Court
Denton County, Texas
Trial Court No. 21-0866-16

Before Kerr, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Angela Ragas (Ragas) fell while crossing a street in Denton, Texas, and sued the City of Denton (City) seeking damages for her personal injuries. Ragas alleged that there was a defect in the street's pavement that proximately caused her fall, that the defect was a "special defect," and that City was negligent in maintaining the street. Alternatively, Ragas alleged that the defect was an ordinary premises defect, that City had actual knowledge of its existence, and that City failed to warn her of its existence or remedy the condition. City raised governmental immunity as a defense and moved to dismiss the case due to lack of subject matter jurisdiction. The trial court denied City's motion to dismiss for lack of subject matter jurisdiction, and this interlocutory appeal ensued. We hold that Ragas' claims are barred by governmental immunity, and we will reverse the judgment of the trial court and dismiss the case for want of subject matter jurisdiction.

## I. Background

On the morning of November 15, 2019, Ragas walked her granddaughter to her school bus stop. It was early morning, just before 7 a.m. Ragas recalled that it was cool but "d[id not] recall [the pavement] being wet." There was a streetlight nearby, but Ragas did not recall if it was working at the time of the incident. While returning home from the bus stop, Ragas crossed the street in the vicinity of 1520 Mosscreek Drive, a residential street in City near Highway 377, also known as Fort Worth Drive. Ragas' foot got caught in a hole or crack (the defect) in the street, causing her to fall

and fracture her left elbow. It is undisputed that she did not pay a fee to use the road in question.

Pictures of the defect taken shortly after the incident are below.

  

Ragas described the defect in her response to City's plea to the jurisdiction as a "large hole that covered a significant portion of Moss Creek[1] Drive," "contained loose rocks and dirt," had a "jagged and uneven" surface, and was "deep enough for her foot to become stuck and cause her to fall." She believed that the defect had been caused by heavy trucks using the street for nearby construction work.

Rogelio San Miguel, who had worked for City for thirty-two years, was City's Field Services Supervisor for the street department. He testified that his duties included responding to reports, calls, and complaints of hazardous conditions on

---

[1]Throughout the record, the street name is spelled alternatively as "Mosscreek" and "Moss Creek."

roadways and sidewalks and repairing them. According to San Miguel, on December 4, 2019, City received a service request from Ragas through its online public engagement platform known as Engage Denton. She reported that she had fallen on November 15, 2019 due to a hole in the street at 1516 Mosscreek Drive. San Miguel testified that the condition reported to be a hole (see photos above) was approximately two to four inches wide and one to two inches deep and had been caused by normal deterioration from weather and vehicles passing through the area.[2]

Regarding notice to City of the defect in the street, San Miguel testified from his knowledge as well as a review of City's records for this location that City had not generated any service requests or received any calls, reports, or complaints from Ragas or anyone else regarding a hole or crack in the road at 1516 Mosscreek Drive between November 15, 2016 and November 15, 2019. He testified that City does not have a formal policy, ordinance, or directive mandating that City employees visually inspect roads and sidewalks for defects. Rather, City primarily relies on reports, calls, and

---

[2]Ragas objected to San Miguel's statements about the dimensions of the hole as conclusory and lacking foundation and also objected that City failed to show that the statements were within his personal knowledge. Tex. R. Evid. 602. The trial court never ruled on these objections. Assuming they are substantive objections, which we do, they may be presented on appeal without a ruling. *Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 166 (Tex. 2018). Even so, they are without merit as San Miguel's testimony stated that his measurements were "[b]ased on [his] observation," he was the supervisor for City's street department, and he had been employed by City for thirty-two years. *See Montez v. Bailey Cnty. Elec. Co-op*, 397 S.W.2d 108, 111 (Tex. App.—Amarillo 1965, writ ref'd n.r.e.).

complaints submitted through the Engage Denton online platform and on support staff to address and resolve any reported defects on roadways and sidewalks.

Sara Bonehill, City's claims administrator for the Office of Risk Management, testified that her duties include processing and resolving incidents reported through Engage Denton. She explained that all online complaints or verbal calls for City services for hazardous conditions are processed through the Engage Denton system and routed to the appropriate City departments for handling. She testified that she is the records custodian for Engage Denton; that she made a diligent search of the system's records for calls, reports, or complaints from Ragas and anyone else for holes or cracks in the road at or near Mosscreek Drive (as well as for non-operable streetlights in the area) between November 15, 2016 and November 15, 2019; and that none were there.

Ragas never reported the defect in the road prior to her fall. She also was not aware of anyone else having reported it to City prior to her fall, nor did she have any evidence that City had actual or constructive knowledge of the defect before her fall.

## II. Standards of Review

Governmental immunity is properly asserted in a plea to the jurisdiction, and we review a trial court's ruling on a plea to the jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). In *City of Wichita Falls v. Preston*, we summarized the standards of review in reviewing a plea to the jurisdiction as follows,

A plea to the jurisdiction challenges whether a plaintiff has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear the case. *Mission Consol. ISD v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012) (stating that a plea to the jurisdiction's purpose generally is to defeat an action "without regard to whether the claims asserted have merit") (quoting *Bland ISD v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)). Whether a trial court has subject matter jurisdiction and whether a plaintiff has alleged facts that affirmatively demonstrate that jurisdiction are questions of law that we review de novo. *Miranda*, 133 S.W.3d at 226. We consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues. *Id.* at 227.

The standard of review for a plea to the jurisdiction generally mirrors that of summary judgment under Rule of Civil Procedure 166a(c). *Id.* at 228. When the jurisdictional challenge implicates the merits of the plaintiff's cause of action and the plea to the jurisdiction includes evidence, the trial court reviews the relevant evidence to determine if a fact issue exists. *Id.* at 227. If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the factfinder. *Id.* at 227–28. However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court should rule on the plea to the jurisdiction as a matter of law. *Id.* at 228.

Accordingly, after the governmental entity asserts that the trial court lacks subject matter jurisdiction and supports that assertion with evidence, a plaintiff is required, "when the facts underlying the merits and subject matter jurisdiction are intertwined, to show that there is a disputed material fact regarding the jurisdictional issue." *Id.* When reviewing a plea to the jurisdiction in which the pleading requirement has been met and evidence has been submitted to support the plea that implicates the merits of the case, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.*

No. 02-22-00265-CV, 2023 WL 2033775, at *1–2 (Tex. App.—Fort Worth Feb. 16, 2023, no pet.) (mem. op.). In this case, the plea to the jurisdiction challenges the existence of jurisdictional facts.

## III. Analysis

City presents two issues. The first generally asserts that the trial court erred in denying its plea to the jurisdiction. The second specifically contends that there is no subject matter jurisdiction under the Texas Tort Claims Act (TTCA) because the record conclusively establishes that (1) the crack in the road was not a special defect, (2) Ragas was a licensee, (3) the crack was open and obvious and known to Ragas,[3] and (4) City did not have prior actual or constructive knowledge of the crack.

Governmental immunity protects a city when it exercises discretionary powers of a public nature involving judicial or legislative functions. *City of Tyler v. Likes*, 962 S.W.2d 489, 501 (Tex. 1997). A municipality is generally immune from suit and liability for torts arising from the exercise of its governmental functions, except for the limited waiver provided by the TTCA. *Tex. Bay Cherry Hill, L.P. v. City of Fort Worth*, 257 S.W.3d 379, 389 (Tex. App.—Fort Worth 2008, no pet.). Maintenance of

---

[3]The "open and obvious" argument was not presented to the trial court. So, Ragas argues that it was waived. Ragas cites Texas Rule of Appellate Procedure 33.1(a)(1) and three cases in her brief. *See* Tex. R. App. P. 33.1(a)(1). Only one of those cases deals with an issue involving a jurisdictional argument being made for the first time on appeal. In *Obasogie v. Harris County Hospital District*, No. 14-19-00316-CV, 2021 WL 1184913, at *4 (Tex. App.—Houston [14th Dist.] March 30, 2021, pet. denied) (mem. op.), the court actually rejected the argument that a new jurisdictional argument on governmental immunity could not be addressed for the first time on appeal. Curiously, Ragas references footnote 3 in that opinion, which dealt with an issue of ultra vires acts being improperly raised for the first time on appeal. *See id.* at *3 n.3. City contends the "open and obvious" argument is part of its jurisdictional challenge and may be asserted for the first time on appeal. Regardless, we need not decide whether the defect was open and obvious based on our disposition of the case. *See* Tex. R. App. P. 47.1.

7

city streets is a governmental function. Tex. Civ. Prac. & Rem. Code Ann. § 101.0215(a)(4). Hence, City may be sued and be held liable for damages only if City's immunity is waived under the TTCA. *See Kownslar v. City of Houston*, 654 S.W.3d 472, 475–76 (Tex. App.—Houston [14th Dist.] 2022, pet. denied).

Ragas' claim is based on premises liability. The TTCA provides a limited waiver of immunity for premises liability. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (providing that the governmental unit is liable for personal injury and death caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law). Section 101.022 sets out the governmental unit's duties of care. *Id.* § 101.022. Subsection (a) provides that in claims arising from premises defects, the governmental unit owes the duty to the claimant that a private person owes to a licensee on private property unless the claimant paid for the use of the property. *Id.* § 101.022(a); *City of Grapevine v. Roberts*, 946 S.W.2d 841, 843 (Tex. 1997). Generally, the duty a landowner owes a licensee is not to injure the licensee through willful, wanton, or grossly negligent conduct. *City of Grapevine*, 946 S.W.2d at 843. An exception to the general rule is that when the landowner has knowledge of a dangerous condition that the licensee does not have, the landowner has a duty either to warn the licensee or to make the condition reasonably safe. *Id.*

If the condition is a "special defect," the City owes the claimant the same duty that a private landowner owes an invitee. *Id.*; *see also* Tex. Civ. Prac. & Rem. Code

Ann. § 101.022(b). That duty requires the landowner to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a condition of the premises of which the owner is or reasonably should be aware. *City of Grapevine*, 946 S.W.2d at 843. Likewise, if the claimant paid for the use of the property, the claimant is owed the duty owed to an invitee. *City of Fort Worth v. Posey*, 593 S.W.3d 924, 927 (Tex. App.— Fort Worth 2020, no pet.).

The existence of a special defect is a question of law, which we review de novo. *City of Dallas v. Reed*, 258 S.W.3d 620, 622 (Tex. 2008). The TTCA does not define the term "special defects" but states that they include "excavations or obstructions on highways, roads, or streets." Tex. Civ. Prac. & Rem. Code Ann. § 101.022(b). Thus, our Supreme Court has held that "special defects" include other defects of the same kind or class as the two specifically mentioned in the TTCA. *City of Denton v. Paper*, 376 S.W.3d 762, 765 (Tex. 2012). Based on the photographs in the record and the testimony, we conclude that the defect in this case is not a special defect but more like the defects found to be ordinary premises defects in other cases. *See id.* at 765–66; *City of Dallas*, 258 S.W.3d at 622; *City of El Paso v. Bernal*, 986 S.W.2d 610, 611 (Tex. 1999) (per curiam).[4]

Having determined that the defect was not a special defect, City owed Ragas the duty owed to a licensee on private property, i.e., not to injure her through willful,

---

[4]Since Ragas did not pay for use of the roadway, she is not entitled to treatment as an invitee under that theory.

wanton, or grossly negligent conduct. *See City of Grapevine*, 946 S.W.2d at 843. Absent willful, wanton, or grossly negligent conduct, a licensee must prove the following elements to establish a breach of duty: (1) a condition of the premises created an unreasonable risk of harm to the licensee; (2) the owner actually knew of the condition; (3) the licensee did not actually know of the condition; (4) the owner failed to exercise ordinary care to protect the licensee from danger; and (5) the owner's failure was a proximate cause of injury to the licensee. *Sampson v. Univ. of Texas at Austin*, 500 S.W.3d 380, 391 (Tex. 2016) (citing *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992)).

In this case, Ragas did not plead that City acted with willful, wanton, or grossly negligent conduct, only that City had actual knowledge of the defect and Ragas did not, that such defect constituted an unreasonably dangerous condition, and that City failed to exercise ordinary care in remedying the defect or warning Ragas. City established that it relied on its online Engage Denton platform for notification of problems by the public or its staff and that reports made to City were recorded in this system and handled through the system by assigning appropriate City departments to investigate and respond to complaints. City also established that it conducted a diligent search of its system and that no records were found of complaints or reports of street defects or lighting problems in the area for three years prior to the incident. Ragas brought forth no evidence that City had actual knowledge of the defect. Therefore, City conclusively established that an essential element of Ragas' cause of

action, i.e., City's actual knowledge of a dangerous condition at the time of the incident, was lacking and that City was entitled to dismissal of Ragas' claim for lack of subject matter jurisdiction. *See City of Austin v. Rangel*, 184 S.W.3d 377, 385 (Tex. App.—Austin 2006, no pet.); *see also Univ. of Texas at Austin v. Hayes*, 327 S.W.3d 113, 117 (Tex. 2010). We sustain City's two issues.

## IV. Conclusion

Having sustained City's issues, we reverse the trial court's "Order Denying Defendant's Plea to the Jurisdiction" and dismiss the case for want of subject matter jurisdiction. *See Hayes*, 327 S.W.3d at 118; *City of Austin*, 184 S.W.3d at 385.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered: May 16, 2024

11