

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00635-CV

_____

CITY OF HURST, Appellant

V.

RAE NEEL, Appellee

On Appeal from the 236th District Court
Tarrant County, Texas
Trial Court No. 236-354342-24

Before Birdwell, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

## I.  INTRODUCTION

Rae Neel tripped and fell while walking on a sidewalk in Hurst, Texas, and she sued the City of Hurst (the City) seeking damages for her personal injuries.  The City raised governmental immunity as a defense and filed a plea to the jurisdiction.  The trial court denied the City's plea to the jurisdiction, and this interlocutory appeal ensued.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8).

We will reverse the trial court's judgment and dismiss the case for want of subject matter jurisdiction.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On February 22, 2023, Neel tripped and fell while walking on the public sidewalk in front of her apartment complex in Hurst, Texas.[1]  She sustained bodily injuries and required subsequent medical treatment.

On July 10, 2024, Neel sued the City under the Texas Tort Claims Act (TTCA),[2] alleging negligence and premises liability.[3]  Neel asserted that the sidewalk's

---

[1]Neel does not allege that she had to pay a fee to use the sidewalk at issue.

[2]Neel also sued the apartment complex.  The apartment complex moved for traditional and no evidence summary judgment, and the trial court granted the apartment complex's summary-judgment motions.

[3]On March 2, 2023, Neel provided the City with notice of her claim.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.101 (entitling a governmental unit to receive notice of a claim not later than six months after the day that the incident giving rise to the claim occurred).

condition—an uneven, raised section—was a premises defect. Neel contended that the sidewalk was owned and maintained by the City, that the City had actual knowledge of the defect, that the condition posed an unreasonable risk of harm to her, that the City did not exercise reasonable care to reduce the risk, that the City failed to warn her of this dangerous condition, and that she did not know about the condition. Neel alternatively pleaded that the sidewalk's condition constituted a special defect that presented an unexpected and unusual danger and posed an unreasonable risk of harm. But beyond characterizing the sidewalk's condition as a premises defect and as a special defect, Neel provided no other description of the sidewalk at issue.

The City answered the lawsuit and later filed a plea to the jurisdiction. In its plea, the City maintained that it did not have actual knowledge of the sidewalk's condition before Neel's fall and argued that its governmental immunity remained intact. In support of the plea, the City attached affidavits from two of its employees.

Steve Carter, the Director of Streets, Drainage, and Traffic Division of the Public Works Department, attested that prior to Neel's fall in February 2023, the City was not aware that the sidewalk at issue had any trip-and-fall hazards or that the posed a danger to pedestrians. Shelly Klein, the Assistant to the City Manager, attested that she monitored and maintained the records for the City's online service request form—a public reporting tool that allows citizens to notify the City of concerns such as sidewalk obstructions or damages. According to Klein, from 2016

3

until Neel's fall in February 2023, the City had not received a report of any obstruction or damage on the sidewalk at issue.

Neel responded to the City's plea to the jurisdiction and claimed that the City had prior actual knowledge of the sidewalk's condition. In support of this claim, she attached three photos from a Google search of the sidewalk at issue and an excerpt of deposition testimony from one of the City's employees, Charles Harness.[4]

Neel's attached photos of the sidewalk's condition are below in chronological order: April 2019, March 2021, and May 2022.[5]



---

[4]Although the parties refer to Harness as a City employee, they do not identify his title or role.

[5]The alleged defect is a slightly raised "lip" in the sidewalk—the side nearest to the lawn, in front of the tree, and to the left of the steps leading from the apartment complex to the sidewalk. It is most clearly identifiable in the May 2022 photo.





Harness testified that he had completed an inspection of the sidewalk at issue but that he could not remember whether it was before or after Neel's fall and whether he had noted any concerns about the sidewalk's condition that needed to be addressed. He also testified that Neel had called and reported the sidewalk's condition to him but that he could not remember the exact date of when she called, and it may have been after her fall in February 2023.

The City replied and maintained that Neel had failed to "allege jurisdictional facts to support a claim for premises defect liability because the City was not aware of the 'uneven portion' in the sidewalk prior to the accident." Neel again responded, including an excerpt from her deposition as support that the City had prior knowledge of the sidewalk's defect.

Neel testified that she had previously tripped and fallen on the sidewalk at issue months before her February 2023 fall and that she had called the City and reported the sidewalk's condition before the February 2023 fall. She argued that "she [had] notified the Defendant City of Hurst [of the uneven condition of the sidewalk] sometime between August and December 2022, months before her fall."[6] Neel maintained that because she had contacted the City and reported the sidewalk's uneven condition before her February 2023 fall, the City had "prior knowledge and inaction regarding said area of sidewalk."

The trial court denied the City's plea to the jurisdiction, and the City filed this interlocutory appeal.

### III. STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea in which a party challenges a trial court's authority to determine the subject matter of the action. *Rawlings v. Gonzalez*, 407 S.W.3d 420, 425 (Tex. App.—Dallas 2013, no pet.). The existence of subject-

---

[6]Neel provided no evidence in support of her testimony that she had reported the sidewalk's condition to the City before her February 2023 fall.

matter jurisdiction is a question of law; therefore, we review de novo the trial court's ruling on a plea to the jurisdiction. *Id.*

The plaintiff bears the burden to plead facts affirmatively demonstrating that governmental immunity has been waived and that the trial court has subject-matter jurisdiction. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). A governmental entity's plea to the jurisdiction can be based on pleadings or evidence. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). When, as here, a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider the relevant evidence submitted by the parties to determine if a fact issue exists. *Id.* at 227.

The standard of review for a jurisdictional plea based on evidence "generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c)." *Id.* at 228; *City of Dallas v. Prado*, 373 S.W.3d 848, 852 (Tex. App.—Dallas 2012, no pet.). We take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Prado*, 373 S.W.3d at 853. The burden is on the City, as movant, to meet the standard of proof. *Id.* If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the factfinder. *Id.* However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.*

## IV. DISCUSSION

In a sole issue, the City contends that the trial court erred by denying the City's plea to the jurisdiction because (1) the sidewalk's condition was a premises defect—not a special defect—and (2) Neel had actual knowledge of the sidewalk's condition before her fall in February 2023. We agree.

### A. GOVERNMENTAL IMMUNITY

Governmental immunity protects political subdivisions of the State, including cities, from lawsuits for monetary damage unless immunity has been waived. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). As relevant here, the TTCA provides a limited waiver of immunity for claims arising from a condition or use of real property. Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2). The TTCA recognizes potential liability for two types of dangerous conditions of real property—premises defects and special defects.[7] *Id.* § 101.022. The TTCA imposes different standards of care depending on whether the condition is a premises defect or a special defect. *Id.* If a condition is neither a premises defect nor a special defect, then no

---

[7]The legislature uses "premise defect" in Section 101.022(a). *Id.* § 101.022(a). However, because a "premise" is a proposition and is not a description of property, we will use "premises defects" in reference to Section 101.022(a). *See, e.g., Sampson v. Univ. of Texas at Austin*, 500 S.W.3d 380, 391 (Tex. 2016) (referring to Section 101.022(a) as "claims based on a 'premises defect'"); *City of Denton v. Paper*, 376 S.W.3d 762, 763 (Tex. 2012) (per curiam) (using "premises-liability suit," "premises defect," and "premises claim").

duty is owed and there is no waiver of immunity. *See State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992).

## B. SPECIAL DEFECT

The City maintains that the sidewalk's condition was not a special defect. We agree.

If a claim arises from a special defect, the governmental unit owes the duty that a private person owes to an invitee.[8] *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.022(b). "With respect to an invitee, the City owes a higher duty to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition of which the City is or reasonably should be aware." *City of Austin v. Rangel*, 184 S.W.3d 377, 383 (Tex. App.—Austin 2006, no pet.).

Whether a condition is a special defect is a question of law that we review de novo. *Tex. Dep't of Transp. v. Perches*, 388 S.W.3d 652, 655 (Tex. 2012) (per curiam). The TTCA does not define "special defect" but likens it to conditions such as excavations or obstructions on highways, roads, or streets. *Univ. of Tex. at Austin v. Hayes*, 327 S.W.3d 113, 116 (Tex. 2010) (per curiam). "A condition must therefore be in the same class as an excavation or obstruction on a roadway to constitute a special defect." *Perches*, 388 S.W.3d at 655. In determining whether a particular condition is

---

[8]Likewise, if the claimant paid for the use of the property, the claimant is owed the duty owed to an invitee. *City of Fort Worth v. Posey*, 593 S.W.3d 924, 927 (Tex. App.—Fort Worth 2020, no pet.). Here, because Neel did not pay for the use of the sidewalk, she is not entitled to treatment as an invitee under that theory. *See id.*

like an excavation or obstruction, we consider: (1) the size of the condition, (2) whether the condition unexpectedly and physically impairs an ordinary user's ability to travel on the sidewalk, (3) whether the condition presents some unusual quality apart from the ordinary course of events, and (4) whether the condition presents an unexpected and unusual danger. *Hayes*, 327 S.W.3d at 116. The class of special defects contemplated by the TTCA is narrow, and most property defects are premises defects—not special defects. *Payne*, 838 S.W.2d at 238; *Perches*, 388 S.W.3d at 655. Not every hole or hindrance is special; otherwise, the statutory limitation on the government's duty would amount to little. *See Reyes v. City of Laredo*, 335 S.W.3d 605, 607 (Tex. 2010).

The supreme court and other Texas courts have held in multiple cases that uneven sidewalks and street surfaces of the type displayed in this case—or worse—do not constitute special defects under the TTCA. *See, e.g.*, *Paper*, 376 S.W.3d at 765 (concluding that sunken area in street, which "varied from two inches to a few inches more at its deepest point," was not a special defect); *City of Dallas v. Reed*, 258 S.W.3d 620, 621 (Tex. 2008) (per curiam) ("[W]e conclude that a two-inch variance in elevation between traffic lanes is not a special defect."); *City of El Paso v. Bernal*, 986 S.W.2d 610, 611 (Tex. 1999) (per curiam) (concluding that a "worn or depressed area [of a sidewalk] . . . approximately 3 feet by 6 feet in size with a depth of 3 inches, at its lowest point[ ]" was not a special defect); *City of Grapevine v. Roberts*, 946 S.W.2d 841, 843 (Tex. 1997) (per curiam) ("Construing a partially cracked and crumbled

10

sidewalk step to be an excavation or obstruction grossly strains the definitions of those conditions. As a matter of law, a partially cracked and crumbled sidewalk step is not a defect of the same kind or class as the excavations or obstructions the [TTCA] contemplates."); *City of Richardson v. Justus*, 329 S.W.3d 662, 664 (Tex. App.—Dallas 2010, no pet.) (holding that "a vertical separation in the sidewalk of at least three inches" was not a special defect); *see also City of Dallas v. Monroy*, No. 05-22-00012-CV, 2022 WL 4363836, at *4 (Tex. App.—Dallas Sept. 21, 2022, no pet.) (mem. op.) (holding that sunken portion of sidewalk "appearing to measure from a few inches to possibly 5 to 6 inches in height or depth" and adjacent hole in sidewalk were not special defects).

Here, the only evidence of the sidewalk's condition is Neel's testimony that it was "just a little uneven" and three photos from a Google search. She provided no evidence of (1) the size of the condition, (2) how the condition unexpectedly and physically impairs an ordinary user's ability to travel on the sidewalk, or (3) how the condition presents some unusual quality apart from the ordinary course of events. *See Hayes*, 327 S.W.3d at 116.

Based on Neel's testimony, the sidewalk pictures, and the prior caselaw, we conclude that the sidewalk's condition is neither in the same class as an excavation or obstruction nor an unusual danger to sidewalk users. *See Hayes*, 327 S.W.3d at 116; *see also City of Denton v. Ragas*, No. 02-24-00037-CV, 2024 WL 2202051, at *4 (Tex. App.—Fort Worth May 16, 2024, no pet.) (mem. op.) (concluding that a "large hole

11

that covered a significant portion" of the roadway, that "contained loose rocks and dirt," had a "jagged and uneven" surface, and was "deep enough for [a pedestrian's] foot to become stuck and cause her to fall" was not a special defect); *Bernal*, 986 S.W.2d at 611 (noting in part that photographs of the sidewalk's condition "establish that the area where the accident occurred was merely an eroded place in the flat surface of the sidewalk, certainly no more unexpected and unusual a danger than was the eroded step in *Roberts*[, 946 S.W.2d at 841]" and concluding "[a]s a matter of law[ that] the sidewalk's condition was not a special defect"). Indeed, Neel testified that she had walked down the sidewalk at issue many times and that she had previously fallen at the same location where her injuries occurred.[9] An ordinary user of a sidewalk known to be uneven at points would expect certain parts of the sidewalk to be uneven and, in the normal course of travel, would take the attendant precautions. *See Hayes*, 327 S.W.3d at 116. Consequently, Neel has not presented a viable special-defect claim to classify her as an invitee. *See id.* Accordingly, to the extent that the trial court denied the City's plea to the jurisdiction on Neel's assertion that the complained of condition was a special defect, it erred in doing so.

---

[9]As noted, Neel's attached photos of the sidewalk at issue were dated April 2019, March 2021, and May 2022. The length of time that the sidewalk remained uneven—presumably from April 2019 through February 2023—undermines Neel's argument that the condition unexpectedly and physically impaired an ordinary user's ability to travel on the sidewalk or that the condition presented some unusual quality or unexpected and unusual danger. *See Hayes*, 327 S.W.3d at 116.

We next consider whether the jurisdictional evidence supports the trial court's denial of the City's plea to the jurisdiction under a premises-defect theory.

## C.  PREMISES DEFECT

The City maintains that the trial court erred by denying the City's plea to the jurisdiction because Neel's pleadings and testimony affirmatively demonstrate that she had actual knowledge of the sidewalk's condition before her February 2023 fall and thus the City retained its governmental immunity.  We agree.

If a claim arises from a premises defect "the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property." Tex. Civ. Prac. & Rem. Code Ann. § 101.022(a).  That duty requires the governmental unit to not injure a licensee by willful, wanton, or grossly negligent conduct.  *See Roberts*, 946 S.W.2d at 843.  Absent such conduct, a licensee must prove the following elements to establish a breach of duty:  (1) a condition of the premises created an unreasonable risk of harm to the licensee, (2) the governmental unit actually knew of the condition, (3) the licensee did not actually know of the condition, (4) the governmental unit failed to exercise ordinary care to protect the licensee from danger, and (5) the governmental unit's failure was a proximate cause of injury to the licensee. *Sampson*, 500 S.W.3d at 391 (citing *Payne*, 838 S.W.2d at 237).  Actual knowledge of the dangerous condition is required.  *Id.* at 392 (citing *State v. Tennison*, 509 S.W.2d 560, 562 (Tex. 1974)).  Constructive knowledge of the defect is insufficient.  *See id.*

"Actual knowledge requires knowledge that the dangerous condition existed at the time of the accident, as opposed to constructive knowledge, which can be established by facts or inferences that a dangerous condition could develop over time." *City of Corsicana v. Stewart*, 249 S.W.3d 412, 414–15 (Tex. 2008); *City of Dallas v. Thompson*, 210 S.W.3d 601, 603 (Tex. 2006). Awareness of a potential problem is not actual knowledge of an existing danger. *Reyes*, 335 S.W.3d at 609. In determining whether a landowner, such as the City, had actual knowledge of a dangerous condition, "courts generally consider whether the premises owner has received reports of prior injuries or reports of the potential danger presented by the condition." *Univ. of Tex.-Pan Am. v. Aguilar*, 251 S.W.3d 511, 513 (Tex. 2008) (per curiam); *see Reed*, 258 S.W.3d at 622–23 (no prior accidents or complaints about road condition contributed to conclusion of no actual knowledge at time of motorcycle accident); *City of Dallas v. de Garcia*, No. 05-20-00636-CV, 2021 WL 777087, at *2 (Tex. App.—Dallas Mar. 1, 2021, no pet.) (mem. op.) (holding testimony stating governmental unit did not receive reports of hazardous condition in two years preceding injury sufficient to demonstrate lack of actual knowledge).

The City challenged Neel's ability to establish that it had actual knowledge of the alleged defect and, in doing so, presented evidence establishing it lacked actual knowledge of the complained of condition at the time Neel was injured. More specifically, the City presented the affidavits of Carter and Klein to establish that the City did not receive any calls, reports, complaints, or claims since 2016 involving the

14

uneven sidewalk where Neel tripped and fell. Thus, the City met its initial burden, and the burden then shifted to Neel to demonstrate a fact issue as to whether the City had actual knowledge of the complained of condition. *See Sampson*, 500 S.W.3d at 391.

To demonstrate that the City had actual knowledge of the sidewalk's condition, Neel attached an excerpt from her deposition wherein she testified that she had previously fallen at the same location and maintained that she had notified the City of the uneven condition of the sidewalk sometime between August and December 2022, months before her fall. But in her attempt to show that the City had actual knowledge of the sidewalk's condition, Neel proved that *she* had actual knowledge of the condition before her February 2023 fall. Thus, in her attempt to prove one element, she made it impossible to prove another. *See id.* Therefore, Neel's testimony and her pleadings establish that an element of her cause of action—that she did not have actual knowledge of the sidewalk's condition before her injury—was lacking. Because Neel proved by her own testimony she could not recover, the City was entitled to dismissal of her claim for lack of subject matter jurisdiction. *See Rangel*, 184 S.W.3d at 385; *see also Hayes*, 327 S.W.3d at 117. Accordingly, we hold that the trial court erred by denying the City's plea to the jurisdiction.

We sustain the City's sole issue.

## V. CONCLUSION

Having sustained the City's sole issue, we reverse the trial court's order denying the City's plea to the jurisdiction and render judgment dismissing Neel's claims against the City for want of subject matter jurisdiction. *See* Tex. R. App. P. 43.2(c); *Hayes*, 327 S.W.3d at 118; *Rangel*, 184 S.W.3d at 385.

/s/ Brian Walker

Brian Walker
Justice

Delivered: April 23, 2026

16